# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MAYLEN GEHRET,

    Plaintiff,

v.

ALON ALEXANDER and
OREN ALEXANDER

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, Maylen Gehret, by her attorneys, Leventhal Puga Braley P.C., hereby submits this Complaint for Damages against Defendants Alon Alexander and Oren Alexander, alleges as follows:

## INTRODUCTION

1. On January 27, 2017, at the age of 17[1], when Plaintiff Maylen Gehret (hereinafter referred to as "Maylen" or "Plaintiff") first met Defendants Alon Alexander and Oren Alexander (hereinafter "Defendant Alon Alexander" or "Defendant Oren Alexander"), she had no idea that her life was about to be irreversibly changed. What began as a chance meeting in a bar resulted in a drugging and rape by Defendant Alon Alexander aided by the actions of Defendant Oren Alexander.

2. This is a civil action commenced pursuant the Colorado Child Sexual Abuse Accountability Act, Colo. Rev. Stat. § 13-20-1201 *et seq.* (CSAAA). "A person who was the victim of sexual misconduct that occurred when the victim was a minor and that occurred on or after January 1, 1960, but before January 1, 2022, may bring an action pursuant to this part 12" as long as the action is "commenced before January 1, 2025." *Id.* § 13-20-1203(2).

---

[1] Plaintiff's birth year is 1999.

1

3. Under Colorado's statute of limitations for sexual assault prior to the enactment of the Colorado Child Sexual Abuse Accountability Act, Plaintiff's statute of limitations was six years from her 18th birthday, Colo. Rev. Stat. § 13-80-103.7 (1), which would have been in 2023.

4. As a result of CSAAA, Plaintiff's statute of limitations expires before January 1, 2025.

5. This Complaint is also being brought pursuant to 18 U.S.C. § 2255 as Plaintiff was a victim of a violation of 18 U.S.C. § 2241 (a-c) and 18 U.S.C. § 2242 (1-3).

6. Plaintiff hereby gives notice that this matter is being brought for the purpose of establishing the meaning, lawfulness and/or constitutionality of laws concerning the statute of limitations in cases involving sexual assault and/or exploitation of a minor under Colorado and federal law. *See* Colo. Rev. Stat. § 13-17-201 (2).

7. This case involves horrific and terrifying acts of sexual assault and rape, committed by Defendant Alon Alexander, with the assistance of Defendant Oren Alexander, against Plaintiff.

## PARTIES AND JURISDICTION

8. Plaintiff Maylen Gehret is a resident and domiciliary of the State and Commonwealth of Pennsylvania.

9. Defendants Alon and Oren Alexander were residents and domiciliaries of the State of Florida; however, are believed to be now incarcerated in the State of Florida in federal custody.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

11. This Court also has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 2255.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

13. On Friday, January 27, 2017, Maylen was in Aspen, Colorado, with her female friends referred to as Witness One and Witness Two for the Winter X-Games that were taking place that weekend.

14. On January 27, 2017, Maylen was a minor, merely 17 years old.

15. On Friday, January 27, 2017, Maylen, Witness One and Witness Two called a car service for a ride to Bootsy Bellows, a club that was formerly operated in Aspen, Colorado, but has since closed down.

16. Upon arriving at Bootsy Bellows, Maylen, Witness One and Witness Two entered the club.

17. Bootsy Bellows was crowded with a dark, disorienting and overwhelming atmosphere with music blaring and lights flashing.

18. Just a couple of minutes after entering the club, Defendant Alon Alexander saw Maylen and did an immediate double take. He grabbed Maylen's hand and urged her and her friends to join him at his table.

19. Other people at Defendant Alon Alexander's table included his twin brother, Defendant Oren Alexander, and a number of young men who worked with Defendant Alexander Brothers.

20. At Defendant Alon Alexander's table, Defendant Alon Alexander kept his attention focused almost exclusively on Maylen.

21. Defendant Alon Alexander told Maylen that he was from Miami.

22. While speaking with Defendant Alon Alexander, Maylen learned that he was a neighbor of a mutual acquaintance.

23. While speaking with Defendant Alon Alexander, Defendant Alon Alexander told Maylen he was 30 years old or so, and Maylen responded she was only 17.

24. Defendant Alon Alexander told Maylen that he loved the fact that she was in high school and that he liked high school girls.

25. While Maylen was talking to Defendant Alon Alexander at his table, Defendant Alon Alexander, knowing that Maylen was 17, gave her alcoholic drinks, which she later realized may have also contained drugs.

26. Later that night, Defendant Alon Alexander told Maylen to loosen up and to stop being so tense. He then felt Maylen's stomach and pulled her shirt up to reveal her abdominal muscles, calling for his brother Defendant Oren Alexander to also look at Maylen's abdominal muscles.

27. While still at the bar, Maylen noticed Defendant Oren Alexander trying to kiss Witness One.

28. At some point in the night, and while still at the Defendants' table, Defendant Alon Alexander began constantly touching Maylen.

29. While still at the table, Maylen started to feel out of it, as if she had been drugged. She began feeling hazy and limp and began having difficulties holding her head up because it felt heavy and clouded.

30. At some point during the time she was at the table, Maylen recalls laying her head on Defendant Alon Alexander's knee. So as not to draw attention to the fact that she had been drugged, he told her she was perfectly fine and to stop being so dramatic. He insisted that Maylen remain sitting in an upright position and to stop lying down, as difficult as this was for her.

31. At or near closing time for the Bootsy Bellows, Defendant Alon Alexander and Defendant Oren Alexander began talking about an after party and made it sound like other people would be there. They told Maylen and her friends they had a residence at The Little Nell where they could all hang out.

32. After Defendant Alon Alexander and Defendant Oren Alexander talked to Maylen and her friends about an after-party, Maylen then recalled being ushered into an Uber with both Defendants.

4

Maylen insisted she would not go anywhere with the Defendants unless Witness One was with them. Defendant Alon Alexander then looked at Maylen and told her that she was a good girl and a good friend.

33. When Maylen arrived at The Little Nell, upon seeing where Defendants were staying, her stomach dropped, and paralyzing fear had set in.

34. Maylen had presumed a residence unit at The Little Nell would consist of multiple rooms, but it turned out to be one room with two beds and no separate sitting area.

35. Once in the room, Defendants insisted on keeping the lights off.

36. In the room, Witness One and Defendant Oren Alexander sat on one bed while Defendant Alon Alexander made Maylen and Witness Two sit on the adjacent bed with him. Witness Two passed out.

37. Maylen was feeling extremely uncomfortable and did not want to be there, but she felt stuck and unable to extricate herself due to the effect of the alcoholic, and potentially spiked, drinks and Defendants' aggressive behavior.

38. Defendant Alon Alexander slid his hand down Maylen's pants and began to digitally penetrate her in front of Witness One and Witness Two.

39. Maylen was frozen with fear from Defendant Alon Alexander's digital penetration as well as from the alcoholic, and potentially spiked, drinks provided by Defendants. She tried to stop him and did not want to have sexual relations with him.

40. Defendant Alon Alexander then brought Maylen into the bathroom and immediately shut and locked the door behind him, trapping her inside.

41. Due to the potentially spiked, drinks, and the age and size of Defendant Alon Alexander, 17-year-old minor Maylen was not in a position to fight back.

42. Maylen stood with her back against the counter.

43. Defendant Alon Alexander removed Maylen's clothing.

5

44. After removing Maylen's clothing, Defendant Alon Alexander began digitally penetrating Maylen again in an even more violent manner.

45. After digitally penetrating Maylen, Defendant Alon Alexander turned Maylen around and pushed her up and down against the bathroom counter and raped her, causing her to hemorrhage.

46. After raping Maylen, Defendant Alon Alexander forced her to shower.

47. At that point, Defendant Alon Alexander grabbed Maylen's phone, told her to unlock it, and followed himself on Instagram from her account and messaged himself "hey babe" from her account.

48. At the same time that Defendant Alon Alexander was raping Maylen in the bathroom, Witness Two was still passed out on the bed while Defendant Oren Alexander had ripped the clothes off Witness One, digitally penetrated her and attempted to rape her. Witness One fought him off.

49. Upon Maylen walking back into the main room of the residence, Witness One got up from the other bed and escaped the room, after letting it be known that she was very upset about what had transpired.

50. Defendant Alon Alexander started making sexual advances towards Witness Two. In that moment, Maylen realized that Defendant Alon Alexander was preparing to make Witness Two his next victim.

51. When Maylen realized that Defendant Alon Alexander intended to victimize Witness Two, she began to gather her stuff. Meanwhile, Witness Two was not getting up and Defendant Alon Alexander was shoving his hand down Witness Two's pants. At that time, Maylen announced that she and Witness Two were leaving.

52. Prior to January 2017, Defendants Alon Alexander and Oren Alexander worked together in concert to sexually assault vulnerable, intoxicated/drugged and/or underage women starting when they were in high school in Miami, Florida.

53. Oren Alexander even described the brothers' behavior in his high school yearbook,

stating that his most memorable moment in high school was "Riding my first 'choo-choo' train." Riding a train is a reference to when multiple men have sexual relationships with one girl or woman when the female is unwilling or unable to give consent. Read, "Everyone Knew about the A-Team," <u>New York Magazine</u>, August 12, 2024 ("Everyone Knew").

54. Over the years preceding 2017, many women reported that they had blacked out after being with Defendants and believed that they had been drugged, and many claimed they had been raped. *See* Everyone Knew.

55. The Federal Bureau of Investigation has indicated that 40 women have reported being sexually assaulted by one or more of the Alexander Brothers, including Defendants Alon Alexander and Oren Alexander.

56. As a direct and proximate result of Defendant Alon Alexander and Defendant Oren Alexander's actions, Maylen has sustained past, present and future severe psychological and physical trauma, pain and suffering, emotional distress, loss of enjoyment of life, and has been greatly injured in her reputation and character, as well as medical expenses and other economic losses, and her injuries will be permanent in nature resulting in permanent impairment. Plaintiff has sustained damages in an amount to be determined at the time of trial.

**FIRST CLAIM FOR RELIEF**
**(C.R.S. § 18-3-402 – Sexual Assault – Defendant Alon Alexander)**

57. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

58. Defendant Alon Alexander's conduct towards Plaintiff constitutes sexual assault under C.R.S. § 18-3-402.

59. Defendant Alon Alexander's conduct towards Plaintiff constitutes sexual assault under C.R.S. § 18-3-402 because he inflicted sexual intrusion or sexual penetration on Plaintiff without

7

her consent and because he knew that Plaintiff was unable to consent to sexual intrusion or sexual penetration.

60. In 2017, under Colorado law, civil suits based on allegations that a defendant sexually abused a child must be brought within six years after either (1) the cause of action accrues; or (2) "a disability has been removed for a person under disability," whichever occurs later. C.R.S. § 13-80-103.7(1)

61. At the time of the sexual assault, Maylen was a person under disability for tolling the statute of limitations as she was a minor under eighteen years of age. C.R.S. § 13-80-102.7(3.5)(a).

62. In 2021, Colorado Senate Bill 21-088, known as the Colorado Child Sexual Abuse Accountability Act, Colo. Rev. Stat. § 13-20-1201 *et seq.* (CSAAA), provided that "[a] person who is a victim of sexual misconduct that occurred when the victim was a minor may bring a civil action for damages...." *Id*. § 13-20-1202(1).

63. Colorado Senate Bill 21-088 also states that "A person who was the victim of sexual misconduct that occurred when the victim was a minor and that occurred on or after January 1, 1960, but before January 1, 2022, may bring an action pursuant to this part 12" as long as the action is "commenced before January 1, 2025." *Id.* § 13-20-1203(2).

64. At the time of the sexual assault by Defendant Alon Alexander in 2017, Maylen was 17 years of age. As such, under C.R.S. § 13-80-103.7(1), her statute of limitations would not expire until 2024, thus her statute of limitations had not run as of January 1, 2022, and her claims for sexual assault are constitutional under CSAAA.

65. As a direct and proximate result of Defendant Alon Alexander's actions, Maylen has suffered injuries, damages, and losses more fully described herein.

8

## SECOND CLAIM FOR RELIEF
### (18 U.S.C. § 2241 (a-c), 18 U.S.C. § 2242 (1), 18 U.S.C. § 2242 (2) and/or 18 U.S.C. § 2242 (3)– Sexual Assault – Defendant Alon Alexander)

66. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

67. Defendant Alon Alexander's conduct towards Plaintiff constitutes sexual assault under C.R.S. § 18-3-402.

68. Defendant Alon Alexander's conduct towards Plaintiff constitutes sexual assault under 18 U.S.C. § 2241 (c), 18 U.S.C. § 2242 (1), 18 U.S.C. § 2242 (2) and/or 18 U.S.C. § 2242 (3) because he inflicted sexual intrusion or sexual penetration on Plaintiff without her consent and because he knew that Plaintiff was unable to consent to sexual intrusion or sexual penetration.

69. As a direct and proximate result of Defendant Alon Alexander's actions, Maylen has suffered injuries, damages, and losses more fully described herein.

## THIRD CLAIM FOR RELIEF
### (Civil Conspiracy – Defendants Alon Alexander and Oren Alexander)

70. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

71. Defendant Alon Alexander and Defendant Oren Alexander agreed, by words or conduct, to accomplish the sexual intercourse, sexual assault and/or rape of Maylen Gehret through failing to obtain consent to sexual touching and sexual intercourse and/or plying Maylen Gehret, a minor, with alcoholic, and potentially spiked, drinks.

72. Sexual touching, sexual assault and rape occurred by Defendant Alon Alexander perpetrated upon Maylen Gehret.

73. Plaintiff Maylen Gehret had injuries, damages and losses as more fully described herein.

74. Plaintiff Maylen Gehret's injuries, damages and losses were caused by Defendant

Alon Alexander's acts, with the assistance of Defendant Oren Alexander, to accomplish the sexual touching, sexual assault and rape perpetrated by Defendant Alon Alexander upon Maylen Gehret.

75. Defendants Alon Alexander and Oren Alexander had previously conspired to sexually touch, sexually assault and/or rape other women without their consent or when the other women were unable to give consent.

76. As a direct and proximate result of Defendant Alon Alexander's actions, Maylen Gehret has suffered injuries, damages, and losses more fully described herein.

## PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, Plaintiff respectfully requests that a judgment be entered for compensatory damages in her favor and against Defendants in an amount to be determined by the trier of fact, pre-judgment and post-judgment interest as allowed by law, all costs, including expert witness fees, filing fees, deposition expenses, attorneys' fees, and for such other and further relief as the Court may deem appropriate.

Respectfully submitted this 30th day of December, 2024.

LEVENTHAL PUGA BRALEY P.C.

By: */s/ Jim Leventhal*
Jim Leventhal, #5815
Julia T. Thompson, #25897
Leventhal Puga Braley P.C.
950 South Cherry Street, Suite 600
Denver, Colorado 80246
Telephone: (303) 759-9945
Facsimile: (720) 773-8581
*Attorneys for Plaintiff*